IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Temple, # 274802, ) | C/A No. 8:15-652-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Owen McClelland LLC; All Safe Storage Co.; Owe ) | |
| M. Roberts, IV; Helen Hart Pillans Roberts; ) | |
| Kimberly Edwards Chewning, Manager; James ) | |
| Singleton, Sheriff; Greg Reed, Captain; Scott ) | |
| Arnold, Sergeant; Jerry Moss, Sergeant; Chrissy ) | |
| T. Adams, Solicitor; and Assistant Solicitor ) | |
| Lindsey S. Simmons, all in their individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

Dennis Temple ("Plaintiff"), proceeding pro se, brings this civil action alleging unfair trade practices and a federal trade commission act violation. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution in Pelzer, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

In the verbose Complaint, Plaintiff alleges the following pertinent facts. [Doc. 1 at 7–17.] In 2008, he began a small business buying products at low prices and reselling at higher prices; his business began to do well and he needed space to store his products. [*Id.*] Plaintiff decided to rent a storage unit, and he investigated different storage facilities. [*Id.*] Plaintiff selected All Safe Storage in Seneca, South Carolina because of the security features it offered, including the sign on the site that stated "video surveillance," and he rented a unit on March 22, 2010. [*Id.*] Kimberly Edwards Chewning ("Chewning") was the

property manager, and she did not disclose to Plaintiff that there was in fact no video surveillance or security patrol. [*Id.*] Plaintiff depended on video surveillance and security patrol to protect his property. [*Id.*]

A Clemson University student reported to law enforcement officers on May 10, 2010, that she had been attacked, sexually assaulted, and left inside of a storage unit at All Safe Storage in Seneca, South Carolina. [*Id.*] On May 11, 2010, Plaintiff was arrested for crimes related to the incident. [*Id.* at 16.] He proceeded pro se to a jury trial on December 13, 2010. [*Id.*] During the trial, Chewning testified that there was no video surveillance at All Safe Storage. [*Id.*] Plaintiff stated that if he had tapes from video surveillance he could have proven himself innocent, and the solicitor objected. [*Id.*] Plaintiff was found guilty on December 15, 2010. [*Id.*]

In this action, Plaintiff names the following Defendants. Owen McClelland LLC, All Safe Storage Co., Owe M. Roberts, IV, Helen Hart Pillans Roberts, and Kimberly Edwards Chewning are alleged to have owned, managed, or otherwise been associated with the All Safe Storage business ("business" Defendants). [*Id.*] James Singleton, Greg Reed, Scott Arnold, and Jerry Moss allegedly were employed in the Oconee County Sheriff's Department ("law enforcement" Defendants). [*Id.*] Solicitor Chrissy T. Adams and Assistant Solicitor Lindsey S. Simmons allegedly were solicitors for Oconee and Anderson counties ("solicitor" Defendants). [*Id.*]

Based on these alleged facts, Plaintiff contends that he was maliciously prosecuted. [*Id.* at 16.] He further alleges that, by falsely advertising that the site had video surveillance, Defendants committed a deceptive act in violation of the federal trade commission act, committed a conspiracy to deliberately violate his rights, violated the S.C.

Code, and committed fraud, fraudulent concealment, breach of fiduciary duty, breach of contract, civil conspiracy, and breach of contract accompanied by a fraudulent act. [*Id.*] Plaintiff seeks compensatory damages for loss of business and wages and punitive damages for the deliberate indifference actions. [*Id.*]

This Court takes judicial notice that Plaintiff is serving a 100-year sentence of imprisonment based on his conviction in Oconee County of criminal sexual conduct ("CSC"), first degree (two counts), kidnaping, and grand larceny. *See* Report and Recommendation, *Temple v. McFadden*, C/A No. 8:14-3499-JFA-JDA (D.S.C. Sept. 9, 2014), ECF No. 9, *adopted by* ECF No. 12 (D.S.C. Sept. 30, 2014); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). He was convicted of those criminal charges by a jury on December 15, 2010. *See* Report and Recommendation, *Temple v. Carter*, C/A No. 8:14-1366-JFA-JDA (D.S.C. June 3, 2014), ECF No. 14, *adopted by* ECF No. 22 (D.S.C. July 28, 2014).

Further, this Court takes judicial notice that on or about December 23, 2014, Plaintiff filed a civil action seeking damages from several of the same Defendants named in this action—James Singleton, Greg Reed, Scott Arnold, Jerry Moss, Chrissy Adams, and Lindsey Simmons—in addition to other named defendants, including many individuals and businesses associated with the media. *See* Report and Recommendation, *Temple v. Singleton*, C/A No. 8:14-4832-JFA-JDA (D.S.C. Feb. 24, 2015), ECF No. 13. This Court has recommended that action for summary dismissal, and objections have been filed.

Additionally, this Court has recommended a "strike" because Plaintiff had brought a previous lawsuit seeking damages that would have implied that his state conviction was invalid, and it was dismissed for failure to state a claim on which relief may be granted. *Id.*

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A©, and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Although Plaintiff purports to seek damages due to loss of earnings from his business pursuant to the federal trade commission act and S.C. Unfair Practices Act, this Court finds that the crux of the action is that Plaintiff seeks to implicitly attack his state conviction as improper or wrongful. As set forth above, Plaintiff has filed several different civil actions seeking damages, often including as Defendants James Singleton, Greg Reed, Scott Arnold, Jerry Moss, Chrissy Adams, and Lindsey Simmons. It is clear to this Court that Plaintiff again brings an action seeking to demonstrate that his December 15, 2010, Oconee County conviction of criminal sexual conduct ("CSC"), first degree (two counts), kidnaping, and grand larceny was wrongful; he specifically alleges that he was maliciously prosecuted and that if there had been video surveillance at All Safe Storage he would not have been convicted.

Plaintiff is prohibited from bringing this action because his state conviction has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff is serving a sentence based on his December 15, 2010, Oconee County conviction. Although Plaintiff alleges damages from loss of his business as a result of the false advertising or deceptive act related to video surveillance, he also alleges malicious prosecution and his innocence. Thus, his claims are intertwined with his attempt to prove his innocence of the conviction. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's civil claims against the law enforcement and solicitor Defendants would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged

6

the lawfulness of his state court conviction, this civil action should be dismissed based on *Heck*.

Moreover, Plaintiff's claims against the solicitor Defendants should be dismissed based on immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Here, the solicitor Defendants' alleged wrongful conduct seems to relate to their prosecuting the charges against Plaintiff. This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, the solicitor Defendants have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

To the extent Plaintiff seeks to bring state law claims, Plaintiff may do so under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With

7

the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant.  *Central West Virginia Energy Co.*, 636 F.3d at 103.  Plaintiff's allegations indicate that Plaintiff and several Defendants are considered to be domiciled in South Carolina; thus, complete diversity is lacking.  Accordingly, this Court has no diversity jurisdiction over this action.

Even if Plaintiff's Complaint is construed such that it does *not* imply that his state conviction is invalid and that he properly alleges a claim that comes within this Court's federal question or diversity subject matter jurisdiction, this action should be dismissed for lack of standing.  There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th Cir. 2000).  If the business Defendants engaged in deceptive advertising, such was not the cause of Plaintiff's loss of business or wages. Plaintiff alleges he was a small business owner who bought and sold products and stored inventory in a storage unit.  Plaintiff's actions of committing a crime and being imprisoned caused his income to cease because he could no longer conduct his business.  He does not allege, for example, that his property in storage was stolen as a result of poor security. Thus, Plaintiff's allegations demonstrate that he does not have Article III standing to sue for false advertising because he cannot show causation.

In any event, the entire action should also be dismissed based on frivolousness. Plaintiff brought a similar § 1983 action in 2011 against a few of the same Defendants

(Greg Reed and Scott Arnold). *See* Report and Recommendation, *Temple v. Oconee Cnty.*, C/A No. 8:11-189-MBS-JRM (D.S.C. March 4, 2011), ECF No. 7, *adopted by* ECF No. 11 (D.S.C. March 29, 2011); *see also Philips*, 572 F.3d at 180 (courts "may properly take judicial notice of matters of public record."). In that prior action, Plaintiff sought damages based on violations of his constitutional rights due to the alleged unlawful arrest, unlawful search and seizures, false imprisonment, defamation, slander, and libel (among other claims) arising out of the 2010 conviction of CSC, kidnaping, and grand larceny. This Court ruled that based on *Heck v. Humphrey*, "[s]ince the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, Plaintiff's § 1983 claims must be dismissed for failure to state a claim." *See* Report and Recommendation, *Temple v. Oconee Cnty.*, C/A No. 8:11-189-MBS-JRM (D.S.C. March 4, 2011), ECF No. 7, *adopted by* ECF No. 11 (D.S.C. March 29, 2011). Therefore, because Plaintiff has been advised in a prior lawsuit in this Court that his similar claims, related to malicious prosecution or otherwise attempting to imply that his conviction was wrongful, had no arguable basis in law, this action should also be dismissed entirely on the ground of frivolousness, and a "strike" pursuant to 28 U.S.C. § 1915(g) is recommended. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (a suit is frivolous if it lacks an arguable basis in law or fact); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). It is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

April 10, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).