IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Temple, | ) | C/A No. 8:15-652-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Owen McClelland LLC; All Safe Storage Co.; Owen M. Roberts, IV; Helen Hart Pillans Roberts; Kimberly Edwards Chewning, Manager; James Singleton, Sheriff; Greg Reed, Captain; Scott Arnold, Sergeant; Jerry Moss, Sergeant; Chrissy T. Adams, Solicitor; and Assistant Solicitor Lindsey S. Simmons, all in their individual capacity, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Dennis Temple, brings this action pursuant to 42 U.S.C. § 1983 alleging unfair trade practices and a violation of the Federal Trade Commission Act. The plaintiff is a state prisoner incarcerated at the Perry Correctional Institution in South Carolina. He is serving a 100-year sentence upon his conviction for kidnaping and sexually assaulting a college student, and grand larceny. Plaintiff's claims that he was maliciously prosecuted and that the defendants committed a deceptive act by false advertising and fraud, among other things.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

Recommendation and opines that the complaint should be dismissed without prejudice and without issuance of service of process. Further, the Magistrate Judge recommends that the action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and he has done so in a 22-page objection memorandum. In each and every objection, the plaintiff contends that the Magistrate Judge has "mischaracterized" his claims. Plaintiff then goes on to reassert and reargue the basic allegations in the underlying complaint. Although lengthy and prolix, the plaintiff's objection memorandum does not address in any meaningful way the legal analysis provided by the Magistrate Judge who diligently reviewed this case. As such, the objections are overruled. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court adopts and incorporates the Magistrate Judge's Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process. The Clerk shall designate this action

---

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

as a "strike."

In addition, the plaintiff's motion to amend and supplement his complaint (ECF No. 18) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 27, 2015
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge